IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V.   No. 09-10019 No. 16-01017 | |
| WILLIE EARL MANNING | DEFENDANT/PETITIONER |

**Magistrate Judge Report and Recommendation**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 55) filed March 8, 2016.  The United States of America filed a Response (ECF No. 61) on May 4, 2016.  On May 19, 2016 the Federal Public Defender was appointed and on June 23, 2016 the Federal Public Defender filed a Motion to Withdraw (Doc. 62) because there was no valid claim under Johnson v. United States, 135 S. Ct. 2551 (2015) presented by the Defendant.

**I.  Background**

On April 16, 2010, Willie Earl Manning ("Manning") pled guilty to Counts Four (distributing more than 5 grams of crack cocaine) and Five (felon in possession) of a five-count Indictment. (Doc. 15).  On March 25, 2011, the Court sentenced Manning on Count Four to 262 months imprisonment, 8 years supervised release, and a $100 special assessment. (Doc. 20). The Court sentenced Manning on Count Five to 180 months imprisonment, 3 years supervised release, and a $100 special assessment. (Id.) Manning's terms of imprisonment and supervised release were ordered to run concurrently. (Id.).

The Petitioner appealed his sentence and the Eighth Circuit concluded this Court committed a plain procedural error in calculating Manning's Guideline range and found there

was a reasonable probability he would have received a lighter sentence but for the error. As a result, the Eighth Circuit reversed and remanded Manning's case for re-sentencing.. *United States v. Manning*, 452 Fed.Appx. 700, 701 (8th Cir. 2012).

On May 14, 2012, the Court conducted Manning's re-sentencing. (Doc. 38). The District Court amended Manning's judgment and sentenced him on Count Four to 188 months imprisonment to run concurrently with the 188 months imprisonment on Count Five, supervised release of 8 years to run concurrently with the 3 years of supervised release on Count Five, and $200 special assessment. (Doc. 40). In so amending Manning's sentence, the Court found Manning to be a career offender with a criminal history category of VI and that pursuant to U.S.S.G.§ 4B1.1(b)(2) Manning's adjusted offense level should be 34. (Doc. 39). The Court further found that after receiving a 3-level adjustment for acceptance of responsibility, Manning's total offense level was 31. (Id.).

On March 8, 2016 the Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody(Doc. 55) contending that he was improperly classified as a Career Offender, that his trial attorney was ineffective for failing to challenge that status, and that he was improperly sentenced as a Career Offender. (Id., p. 4). He also contends that "through the ineffectivenes (sic) of Willie Earl Manning's attorneys his appeal rights on classification and sentencing as a career offender were denied." (Id., p. 5).

## II. Discussion

### A. Johnson v. United States

The Petitioner's case centers around the United States Supreme Court Case of Johnson v. United States which was decided in 2015. In the Johnson case the Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal

Act (ACCA) violates the Constitution's guarantee of due process, overruling *James v. U.S.*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532, and *Sykes v. U.S.*,131 S.Ct. 2267, 180 L.Ed.2d 60, and abrogating *U.S. v. White*, 571 F.3d 365, *U.S. v. Daye*, 571 F.3d 225, and *U.S. v. Johnson*, 616 F.3d 85. *See Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. See § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. See § 924(a)(2). But if the violator has three or more earlier convictions for a **"serious drug offense"** or a **"violent felony,"** the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added).

The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional.

In 2016 the court determined *Welch v. United States*. The Supreme Court, Justice Kennedy, held that Supreme Court's Johnson decision, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Both Johnson and Welch delt with the ACCA and specifically with a determination of

whether prior offenses constituted a "violent offense" under the residual clause. This case, by contrast, involves a collateral attack challenging an alleged use of the residual clause in the Federal Sentencing Guidelines' definition of a "crime of violence" to enhance a guidelines sentencing range.

The career offender provision of the Sentencing Guidelines provides for enhanced sentences for certain defendants who have two prior convictions for a "crime of violence" or "serious drug offense." U.S.S.G. § 4B1.1. The definition of "crime of violence" in § 4B1.2 contains a residual clause that is identical to ACCA's residual clause. See U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Because that identical language is unconstitutionally vague under Johnson, it is certainly arguable a sentencing court may not classify a defendant as a career offender based on an offense that qualifies as a crime of violence under the residual clause.

The government argues that the "retroactive character of Johnson in ACCA cases on collateral review does not govern the separate question of whether Johnson applies retroactively to the Sentencing Guidelines. While the application of Johnson to the ACCA is a substantive change in the law because it necessarily alters the statutory range of permissible sentences, the application of Johnson to the Sentencing Guidelines' residual clause produces procedural changes in the sentencing process that are not retroactive on collateral review." Doc. 61, p. 14.

Because of the specific facts of this case the court does not feel it is appropriate to address this particular issue.  The Defendant's prior crimes used for the purposes of determining the applicability of the ACCA did not involve the Residual Clause.

The Defendant was convicted in July 2001 on the charge of Manufacture, Delivery, or

Possession of Marijuana from Ashley County (Doc. 19, p. 7), and in 2004 for Possession of a Controlled Substance and Possession of a Controlled Substance with Intent to Deliver from Union County. (Id., p. 8).

The U.S.S.G. provides that a defendant is a career offender if he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. §4B1.2(a). The Guidelines provide that the "term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. §4B1.2(b).

Since the Defendant was sentenced to 60 months in the Arkansas Department of Correction on the July 2001 conviction and 120 months in the Arkansas Department of Correction on the 2004 convictions these offenses clearly qualify the Defendant as a Career Offender. [1]

Since none of the Defendant's convictions involved the interpretation of the Residual Clause the court finds that *Johnson v. United States* is not applicable to the Defendants Case.

B. **Statute of Limitations**

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from

---

[1] The court notes that the Defendant also had a conviction for Aggravated Assault in 1991 and was sent to the Arkansas Department of Correction for 2 years. and Burglary conviction in 1989 that was revoked in 1991 for which he received 5 years in the Arkansas Penitentiary.

making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Manning's conviction became final on May 28, 2012, when 14 days passed after entry of his Amended Judgment without filing an appeal. See Fed. R.App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). The present Motion, filed March 8, 2016, falls outside of the one-year period as Manning had until May 28, 2013, one year after the date his conviction became final, to present a timely motion.

The Defendant seeks to avoid the limitations period by contending that the Supreme Court has announced a new rule of constitutional law in *Johnson v. United States* made retroactive in *Welch v. United States*.  As the court has pointed out above, however, the Johnson case has no application to the Defendant's case and therefore his action is barred unless he can establish equitable tolling applies.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging

lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 (Doc. 55) be **DISMISSED with PREJUDICE** and that the Motion to Withdraw (Doc. 62) is **GRANTED**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED June 28, 2016.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S.  MAGISTRATE JUDGE